UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PACIFIC WORLDWIDE, INC. et al.,

       Plaintiffs,

   -v-                                             No. 11 Civ. 107 (LTS)(HBP)

AMPLE BRIGHT DEVELOPMENT, LTD
et al.,

       Defendants.
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
14 DEC 2011

## **MEMORANDUM ORDER**

Plaintiffs Pacific Worldwide, Inc. ("Pacific"), and Pacific International Alliance, Inc. ("PIA") (collectively "Plaintiffs") bring this action for breach of fiduciary duties and tortious interference with a contractual relationship against two Hong Kong corporations – Ample Bright Development, Ltd. ("Ample Bright") and Fortune Enterprises, Ltd. ("Fortune") – and five unnamed corporations and/or natural persons located in Hong Kong (collectively "Defendants"). Defendants move to dismiss the Complaint for insufficient service of process and for lack of personal jurisdiction pursuant to the Federal Rules Civil Procedure 12(b)(5) and 12(b)(2), respectively. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332. For the following reasons, Defendants' motion is granted.

### BACKGROUND

The following factual allegations are taken as true for purposes of the current motion practice. Pacific is a New York State corporation engaged in business as a high-volume supplier, designer, manufacturer and importer of apparel. (Compl. ¶ 5). PIA, a Delaware

corporation, is a lower-volume supplier of merchandise. (Id. ¶ 6). Defendants Ample Bright and Fortune are Hong Kong corporations that act as agents of foreign importers, assisting in the procurement, export, and transportation of goods from China to foreign destinations. (Id. ¶¶ 7-9). In or about June 2010, Defendants began acting as Plaintiffs' agents in Hong Kong. (Id.).

In December 2010, non-party Stephen McCarthy, acting on behalf of Defendants, contacted Pacific's "largest single customer" – an entity whose name and place of business are unidentified in the Complaint – to advise that an order it had placed with Pacific for leather tote-bags and coordinating wallets ("Tote/Wallet Order") could not be delivered. (Id. ¶¶ 21-22). In fact, Pacific's Chinese factory, Alice Leather, was operating on schedule and able to make timely delivery of the Tote/Wallet Order. (Id. ¶ 23). McCarthy also told Alice Leather that Pacific could not be relied upon to pay for the Tote/Wallet Order (id. ¶ 25), and then sought to obtain the Tote/Wallet Order for Defendants. These misrepresentations were made in bad faith, undermined the business relationship between Plaintiffs and Alice Leather, and eventually resulted in Plaintiffs' "largest single customer" cancelling the Tote/Wallet Order. (Id. ¶¶ 26-31).

Plaintiffs then filed this action, seeking a permanent injunction enjoining Defendants from disposing of Plaintiffs' merchandise or interfering with Plaintiffs' contractual relationships with its customers. The Complaint also seeks damages for breach of fiduciary duties, interference with Plaintiffs' contractual and business relationships, and conversion. Plaintiffs served Defendants by registered mail. Defendants now move to dismiss the Complaint on two grounds. First, Defendants argue that Plaintiffs failed to comply with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), 20 U.S.T. 361, TIAS No. 6638 (1965), in that Plaintiffs served the Complaint via registered mail – a manner that China has deemed ineffective. Second,

Defendants argue that the Complaint should be dismissed for lack of personal jurisdiction.

## DISCUSSION

*Service of Process*

Under Federal Rule of Civil Procedure 4(f)(1), service of process upon individuals of foreign countries may be effected "by any internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. Pro. 4(f)(1) (West 2010). As both the United States and the China are signatories to the Hague Convention, that pact governs service of process in this case. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698-99 (1988). The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state. Id. While service through a country's Central Authority is the principal means of service under the Hague Convention, Article 10 of Convention permits other forms of service, such as service "by postal channels" or through judicial officers, provided that the state of destination does not object. Art. 10; Burda Media, Inc. v. Viertel, 417 F.3d 292, 300 (2d Cir. 2005).

China has objected to service by mail. See China Judicial Assistance, available at http://travel.state.gov/law/judicial/judicial_694.html (last visited Dec. 14, 2011); Declarations and Notifications, available at http://www.hcch.net/index_en.php?act=status.comment&csid =393&disp=resdn (last visited Dec. 14, 2011).[1] Defendants argue, accordingly, that Plaintiffs'

---

[1] "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F.

service of process via registered mail was insufficient. When a defendant raises a Rule 12(b)(5) "challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002). Plaintiffs' opposition is silent on the matter. Accordingly, the Complaint is dismissed for insufficient service.

*Personal Jurisdiction*

The "plaintiff ultimately 'bears the burden of establishing jurisdiction over the defendant by a preponderance of the evidence,'" but "'need only make a prima facie showing that jurisdiction exists prior to the holding of an evidentiary hearing.'" Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 356 (S.D.N.Y. 2009) (quoting Ball v. Metallurgie Hoboken–Overpelt, S.A., 902 F. 2d 194, 196 (2d Cir. 1990)). "In deciding a motion to dismiss for lack of personal jurisdiction, the court has discretion to proceed either upon written submissions or through a full evidentiary hearing on the merits" but, absent a hearing or jurisdictional discovery, "the pleadings and affidavits are construed, and any ambiguity is resolved, in favor of the plaintiff." Taylor Devices, Inc. v. Walbridge Aldinger Co., 538 F. Supp. 2d 560, 575 (W.D.N.Y. 2008) (internal citations omitted).

Plaintiffs assert that jurisdiction is proper in this Court pursuant to Section 302(a)(3)(ii) of New York's long-arm statute, which provides in pertinent part that:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
> . . .

---

Supp. 2d 382, 387 (S.D.N.Y.2002).

> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he . . . (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

N.Y. C.P.L.R. § 302(a) (McKinney 2010).[2] Plaintiffs' asserted injury is the business loss resulting from Defendants' bad faith misrepresentations. Plaintiff Pacific argues that, because it is a New York corporation, the injuries to its business necessarily occurred "within the state." This assertion is insufficient to satisfy the statute's requirement of injury "within the state." "It is firmly established that the domicile or residence of an injured party within New York is not enough to establish personal jurisdiction – rather, a more direct injury must have occurred within New York State." Energy Brands Inc. v. Spiritual Brands, Inc., 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008). Plaintiffs must show harm in the New York market, for example by showing lost sales or customers inside New York. Compare Fantis Foods, Inc. v. Standard Importing Co., 49 N.Y.2d 317, 325-27 & n. 3 (N.Y. 1980) (New York importer did not suffer injury "within the state" when a nondomiciliary seized a cheese shipment bound for Chicago, because there was no allegation that the importer lost cheese sales in New York) with Sybron Corp. v. Wetzel, 46 N.Y.2d 197, 205-06 (1978) (in a suit by a New York corporation against a nonresident former employee and his nonresident new employer for theft of trade secrets, the threatened loss of plaintiff's customers and sales in New York constituted injury "within the state"). Plaintiffs do not contend that their "largest single customer" was a New York corporation or that they lost customers or sales in New York. Thus, Plaintiffs have failed to meet their burden of showing

---

[2] The Court need not deal with the parties' arguments concerning due process and "minimum contacts." A court need only consider whether asserting jurisdiction is compatible with due process once it has established that New York law provides a basis for exercising jurisdiction. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 242 (2d Cir. 2007).

injury within the state. Accordingly, the Complaint is dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Complaint for improper service and lack of personal jurisdiction is granted in full. This order resolves docket entry no. 12.

The Clerk of Court is requested to enter judgment dismissing the Complaint for lack of proper service and personal jurisdiction, and close this case.

SO ORDERED.

Dated: New York, New York
December 14, 2011

LAURA TAYLOR SWAIN
United States District Judge